UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ILLINOIS UNION INSURANCE COMPANY,

        Plaintiff,

  v.

NRG ENERGY, INC. and LOUISIANA
GENERATING LLC,

        Defendants.
-----------------------------------------------------------x

Case No.: 10-CV-5743

ECF Case

**ORAL ARGUMENT
REQUESTED**

# MEMORANDUM OF LAW IN SUPPORT OF ILLINOIS UNION INSURANCE COMPANY'S MOTION FOR AN ORDER ENJOINING DEFENDANTS FROM PROSECUTING A DUPLICATIVE SECOND-FILED ACTION IN LOUISIANA

Dated: August 20, 2010

        Meryl R. Lieberman
        Brian Margolies
        Traub Lieberman Straus & Shrewsberry LLP
        7 Skyline Drive
        Hawthorne, NY 10532
        (T) (914) 347-2600
        (F) (914) 347-8898

        *Attorneys for Illinois Union Insurance Company*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    *ARGUMENTS*

    I.    This Court Should Enjoin Defendants From Prosecuting the
        Louisiana Action On the Basis of the First-Filed Rule . . . . . . . . . . . . . . . . . . . . . 5

        A.    The First-Filed Rule . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        B.    The First-Filed Rule Permits This Court To
            Enjoin the Louisiana Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    II.   No Factors Are Present That Would Warrant Deviation
        From the First-Filed Rule . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        A.    No Special Circumstances Exist . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
        B.    Balance of Conveniences Does Not Favor Louisiana . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

*800-Flowers, Inc. v. Intercontinental Florist,*
   860 F. Supp. 128, 132 (S.D.N.Y. 1994) .................................................. 6, 7, 8

*Adam v. Jacobs,*
   950 F.2d 89, 93 (2d Cir. 1991) .................................................................. 5

*Alltrade, Inc. v. Uniweld, Inc.,*
   946 F.2d 622, 625 (9th Cir. 1991) ............................................................. 6

*Citigroup Inc. v. City Holding Co.,*
   97 F.Supp.2d 549, 555 (S.D.N.Y. 2000) ................................................... 7

*City of New York v. Exxon Corp.,*
   932 F.2d 1020, 1025 (2d Cir. 1991) ........................................................ 5, 7

*Emplrs. Ins. v. Fox Entm't Group, Inc.,*
   522 F.3d 271, 275 (2d Cir. 2008) ............................................................ 6, 7, 8

*Louisiana Generating LLC and NRG Energy, Inc. v. Illinois Union Insurance Company,*
   Civil Action No. 10-cv-00516 .................................................................. 4

*Meeropol v. Nizer,*
   505 F.2d 232, 235 (2d Cir. 1974) .............................................................. 6

*MSK Ins., Ltd. v. Employers Reinsurance Corp.,*
   212 F.Supp.2d 266, 267-68 (S.D.N.Y. 2002) ............................................ 5

*New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.,*
   599 F.3d 102, 112 (2d Cir. 2010) ............................................................ 5, 7, 8

*Orix Credit Alliance, Inc. v. Mid-South Materials Corp.,*
   816 F.Supp. 230 (S.D.N.Y. 1993) ............................................................. 9

*Reliance Ins. Co. v. Six Star, Inc.,*
   155 F.Supp.2d 49 (S.D.N.Y. 2001) ........................................................... 9

*Sotheby's, Inc. v. Minor,*
   2009 U.S. Dist. LEXIS 3509, *4 (S.D.N.Y. Jan. 6, 2009) ........................ 6

*United States of America v. Louisiana Generating, LLC,*
   Civil Action No. 09-100 ............................................................................ 3

## PRELIMINARY STATEMENT

Plaintiff Illinois Union Insurance Company ("ILU") respectfully submits this memorandum of law in support of its motion to enjoin defendants NRG Energy, Inc. ("NRG") and Louisiana Generating LLC ("LaGen") from prosecuting a duplicative, second-filed lawsuit in the United States District Court for the Middle District of Louisiana (the "Louisiana Action").[1]

The Louisiana Action involves the identical dispute that is at issue in the present matter (the "New York Action"); namely, whether defendants are entitled to coverage under a premises pollution liability policy for a matter involving one of the locations scheduled thereunder. As the policy that is the focus of both suits contains an express New York forum selection provision (in addition to a New York choice of law provision), ILU's commencement of the New York Action was entirely appropriate, and defendants have contractually agreed to submit to jurisdiction in this Court. In this light, defendants' subsequent filing of a competing action in the Middle District of Louisiana is nothing more than an improper attempt to avoid the policy's clear forum selection provision.

The maintenance of both the New York Action and the Louisiana Action would lead to duplicative, costly litigation and gives rise to the potential for inconsistent decisions. Because the New York Action is the first-filed action, and because it was filed in the contractually agreed upon forum, sound judicial administration and principles of comity dictate that this Court should enjoin defendants from prosecuting the second-filed Louisiana Action.

---

[1] A copy of defendants' complaint in the Louisiana Action is attached as Exhibit 2 to the accompanying Declaration of Brian Margolies ("Margolies Decl.")

## BACKGROUND

The instant matter relates to a Premises Pollution Liability II policy issued by ILU to NRG (the "Policy"), which in pertinent part, provides coverage for "claims" and "remediation costs" arising out of "pollution conditions."[2] The Policy provides such coverage for numerous "covered locations" located throughout the country, the majority of which are located in New York. By endorsement, LaGen qualifies as a "named insured" under the Policy, and its Big Cajun II power plant, located in New Roads, Louisiana, qualifies as a "covered location."

The Policy contains an express forum selection provision stating:

> I. **Jurisdiction and Venue**
>
> It is agreed that in the event of the failure of the Insurer to pay any amount claimed to be due hereunder, the Insurer and the "insured" will submit to the jurisdiction of the State of New York and will comply with all requirements necessary to give such court jurisdiction. Nothing in this clause constitutes or should be understood to constitute a waiver of the Insurer's right to remove an action to a United States District Court.

Similarly, the Policy contains a provision stating that New York law shall govern any dispute between the parties.

The Policy was issued to NRG at a New Jersey address. Upon information and belief, both NRG and LaGen are Delaware companies with principal places of business in Princeton, New Jersey. NRG's broker, Wachovia Insurance Services, Inc., is located in Washington, D.C. *See*, Declaration of Christopher R. Stella ("Stella Decl.") at ¶3. The underwriter primarily involved in negotiating the Policy is located in Philadelphia, Pennsylvania. *See*, Stella Decl. at ¶3. Additionally,

---

[2] A copy of the insurance policy at issue is attached as an exhibit to ILU's complaint, which is Exhibit 1 to the Margolies Decl.

the individual who handles this claim on behalf of ILU, Christopher R. Stella, is a New York resident and currently works in an office located in Jersey City, New Jersey. *See*, Stella Decl. at ¶3. Mr. Stella was present in ILU's New York office when the matter initially was reported to ILU and the disclaimer was issued from ILU's New York office.

NRG and LaGen have sought coverage under the Policy with respect to a lawsuit that has been filed against LaGen captioned *United States of America v. Louisiana Generating, LLC*, Civil Action No. 09-100, pending in the United States District Court for the Middle District of Louisiana (the "Enforcement Action"). *See*, ILU's complaint, attached as Exhibit 1 to the accompanying Margolies Decl. The Enforcement Action pertains to alleged LaGen's violations of the Clean Air Act, and corresponding provisions of the Louisiana Administrative Code, specifically relating to Big Cajun II.

By letter dated July 6, 2009, ILU denied any coverage obligation under the Policy to NRG and LaGen in connection with the Enforcement Action. The grounds for ILU's coverage determination are severalfold, and are set forth at length in ILU's complaint as well as the accompanying Declaration of Christopher R. Stella. It is ILU's position that the allegations in the Enforcement Action do not fall within the Policy's definitions of "claim" or "remediation costs." With respect to the latter, it is ILU's position that any costs incurred by LaGen to bring Big Cajun II into compliance with various permitting requirements do not qualify as "remediation costs," because they are not costs incurred to respond to an existing "pollution condition," but rather are costs incurred to prevent future discharges of emissions into the atmosphere. Additionally, it is ILU's position that even if the Enforcement Action constitutes a "claim," then it necessarily is a "claim" first made and reported prior to the Policy's inception date. Moreover, such "claim" would

3

not be one arising out of a "pollution condition." Finally, it is ILU's position that the Policy's Fines and Penalties exclusion operates to as a complete bar to coverage for the Enforcement Action, as the only relief available to the United States in the Enforcement Action is fines and injunctive relief. *See*, Stella Decl. at ¶6. The coverage issues will be resolved be a review of the pleadings, the Policy and applicable law.

Following the issuance of ILU's denial of coverage, ILU and NRG engaged in subsequent communications. These communications included letters between the parties, both directly and through coverage counsel. Additionally, the parties, and NRG's broker, met in person in New York on June 2, 2010, to discuss ILU's coverage position. *See*, Stella Decl. at ¶7. At no time during any of these communications did NRG and/or LaGen threaten to bring suit or even intimate that it was considering bringing suit against ILU. *See*, Stella Decl. at ¶8.

Given NRG's assertions that the Enforcement Action would result in costs greater than $3 million (the Policy's self-insured retention) and NRG's repeated contention that LaGen was entitled to coverage for such costs under the Policy, ILU decided to commence the instant action to seek a declaration that it owes no defense or indemnity obligation to NRG and/or LaGen upon exhaustion of the self-insured retention. *See*, Stella Decl. at ¶9. The New York Action was filed on July 29, 2010. Eleven days later, NRG and LaGen commenced a competing action in the United States District Court for the Middle District of Louisiana, captioned *Louisiana Generating LLC and NRG Energy, Inc. v. Illinois Union Insurance Company*, Civil Action No. 10-cv-00516 (the "Louisiana Action"). See, Stella Decl. at ¶10. The Louisiana Action involves the same parties and the same legal issues as involved in the instant matter.

4

ILU's coverage determination is independent of any facts that have been or may be developed in the Enforcement Action. Rather, ILU's disclaimer of coverage under the Policy is based on the terms, exclusions and definitions contained within the Policy. The majority of documents exchanged in the Enforcement Action and testimony given in that suit will have no bearing on the New York Action. *See,* Stella Decl. at ¶11.

## ARGUMENT

### I.   This Court Should Enjoin Defendants From Prosecuting the Louisiana Action On the Basis of the First-Filed Rule

The law of the Second Circuit is well established that when there are two parallel actions pending in different federal district courts, involving an identity of issues, then the first-filed suit is entitled to priority. Moreover, courts within the Second Circuit have routinely ordered injunctions against the second-filed suit so as to avoid duplicative, concurrent litigation.

### A.   The First-Filed Rule

As a general principle, it is well established that where competing lawsuits are involved, with identical issues, the first-filed suit is entitled to priority. *See, e.g., New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010); *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991); *MSK Ins., Ltd. v. Employers Reinsurance Corp.*, 212 F.Supp.2d 266, 267-68 (S.D.N.Y. 2002) ("This District has laid down a bright line rule for situations such as this: The court before which the first-filed action was brought determines which forum will hear the case.").

This principle underscores the importance of freeing a plaintiff "from the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

5

As the New York Action is the first-filed suit, this Court has priority which "should not be disregarded lightly." *800-Flowers, Inc. v. Intercontinental Florist*, 860 F. Supp. 128, 132 (S.D.N.Y. 1994) (*quoting Alltrade, Inc. v. Uniweld, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)).

### B. The First-Filed Rule Permits This Court To Enjoin the Louisiana Action

The Second Circuit has repeatedly exercised its authority to enjoin litigants from prosecuting competing actions where doing so would result in duplicative litigation and thus unnecessary expenditure of the parties' and judicial resources. *See, e.g., Meeropol v. Nizer*, 505 F.2d 232, 235 (2d Cir. 1974); *Sotheby's, Inc. v. Minor*, 2009 U.S. Dist. LEXIS 3509, *4 (S.D.N.Y. Jan. 6, 2009).

The Louisiana Action involves the same parties and the same issue as the New York Action; namely, whether defendants are entitled to coverage under the Policy for the Enforcement Action, once the Policy's $3 million self-insured retention is fully exhausted. Stated another way, there is no form of relief sought or issue raised in the Louisiana Action that is not present in the first-filed New York Action: the lawsuits are perfect mirror images. Under such circumstances, allowing the Louisiana Action to proceed not only raises the potential for conflicting decisions, but unquestionably results in a waste of judicial resources and additional costs to the parties. As such, defendants should be enjoined from litigating the Louisiana Action in favor of the first-filed New York Action.

### II. No Factors Are Present That Would Warrant Deviation From the First-Filed Rule

In order to overcome the strong presumption of the first-filed rule, defendants have the burden of showing either "special considerations" or a "balance of conveniences" such that the Louisiana Action should proceed instead of the New York Action. *See, e.g., Emplrs. Ins. v. Fox*

6

*Entm't Group, Inc.,* 522 F.3d 271, 275 (2d Cir. 2008); *City of New York v. Exxon Corp.,* 932 F.2d 1020, 1025 (2d Cir. 2001); *Citigroup Inc. v. City Holding Co.,* 97 F.Supp.2d 549, 555 (S.D.N.Y. 2000).

### A. No Special Circumstances Exist

To show "special circumstances" that would require deviation from the first-filed rule, defendants must show either that ILU's commencement of the New York Action was an "improper anticipatory filing" or was motivated solely by forum shopping. *See, e.g., New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.,* 599 F.3d at 112; *Citigroup,* 97 F.Supp.2d at 556; *800-Flowers,* 860 F.Supp. at 132.

It is respectfully submitted that defendants will not be able to sustain this burden. ILU's decision to file suit in this Court was dictated by the Policy's clear and unambiguous forum selection provision requiring that any coverage dispute be litigated in a New York court. If anything, it was NRG and LaGen that engaged in improper forum-shopping by filing a parallel suit in Louisiana federal court after evidence of ILU's suit was in the public domain.

Additionally, ILU's decision to file suit was not an "improper anticipatory filing." Prior to ILU's commencement of suit, the parties had engaged in several rounds of communications, including communications through coverage counsel and an in-person meeting in New York City, as to ILU's disclaimer of coverage. At no time prior to ILU's commencement of the New York Action had defendants threatened or even intimated that litigation was a possibility. ILU's decision to file the instant lawsuit, therefore, was not under the threat of litigation. *See, Emplrs. Ins. v. Fox Entm't Group, Inc.,* 522 F.3d at 277 ("Although litigation was clearly on the horizon, evidenced by the parties' retention of coverage counsel and the general tenor of the communications leading up

to the action, and Appellees may have been caught off guard by the timing of the complaint, there was no notice letter or other communication conveying a specific threat of litigation.").

In any event, it would have been ILU's expectation that if defendants decided to file suit, that they would do so in the forum in which they had contractually agreed to resolve any coverage disputes: New York. It appears that defendants' decision to file a parallel suit was motivated by forum shopping in that ILU's commencement of the New York Action was known, as is evidenced by defendants' Local Civil Rule 3.1 Statement which was filed along with their complaint in the Louisiana Action. ILU should not be deprived of its first-filed status in the contractually agreed forum solely because defendants filed a parallel litigation soon after having learned of the New York Action.

### B.     Balance of Conveniences Does Not Favor Louisiana

The second exception to the first-filed rule is whether the balance of conveniences favors that litigation proceed in the second-filed forum. *See, e.g., New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d at 112; *800-Flowers*, 860 F.Supp. at 133. The factors considered in such analysis generally are identical to those considered in the context of a motion to transfer under 28 U.S.C. §1404(a). *See, e.g., New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d at 112 ("The 'balance of convenience' is determined by considering the same factors 'considered in connection with motions to transfer venue.'"); *Emplrs. Ins. v. Fox Entm't Group, Inc.*, 522 F.3d at 275. It cannot be disputed that the factors involved weigh in favor of New York rather than Louisiana.

First, and foremost, NRG agreed that New York would be the forum for any coverage litigation arising out of the Policy. As such, defendants cannot claim that New York would be an

inconvenient forum for litigation, as an express forum selection clause is determinative of the convenience of the parties. *See, e.g., Reliance Ins. Co. v. Six Star, Inc.*, 155 F.Supp.2d 49 (S.D.N.Y. 2001); *Orix Credit Alliance, Inc. v. Mid-South Materials Corp.*, 816 F.Supp. 230 (S.D.N.Y. 1993).

There are no other balance of convenience factors that bear in favor of litigating this matter in Louisiana as opposed to New York. It is unlikely that any non-party witnesses in the Enforcement Action bear any testimony relevant to the instant coverage dispute. In fact, it is likely that the only non-party witness to this matter will be NRG's broker, Wachovia Insurance Company, which is located in Washington, D.C. In terms of geography, there can be no question that New York is a more convenient location to a Washington, D.C. resident than Louisiana.

Moreover, while the Enforcement Action is pending in Louisiana, there is no aspect of the New York Action that overlaps with the Enforcement Action. Indeed, in terms of coverage litigation such as the instant matter, New York courts have held that the location of the underlying suit is irrelevant. *See, Lafarge, supra.* The New York Action relates solely to construction of insurance policy terms, and is a matter that likely will be resolved easily on motion for summary judgment. If any facts relevant to the underwriting of the Policy become relevant to the resolution of this matter, the Policy underwriting took place in Pennsylvania, New Jersey and Washington, D.C. Moreover, the documents relevant to the Enforcement Action (i.e., documents relating to permitting under the Clear Air Act) will have no bearing on interpretation of various terms and exclusions in the Policy. Accordingly, the balance of convenience factors relating to location of operative facts and location of relevant documents do not favor Louisiana over New York.

## CONCLUSION

The Policy's clear and unambiguous forum selection provision evidences that the parties agreed to resolve any coverage dispute in a New York court. As such, ILU's commencement of the present action was proper, and in such light, defendants' commencement of a parallel lawsuit in Louisiana must be viewed as improper forum shopping. Because the New York Action was first-filed, ILU is entitled to continue its litigation before this Court, and not to have to litigate a duplicative suit in Louisiana. Accordingly, ILU respectfully requests that this Court enjoin defendants NRG and LaGen from prosecuting the second-filed Louisiana Action.

Dated: Hawthorne, NY
August 20, 2010

Respectfully submitted,

By: /s/ Meryl R. Lieberman
Meryl R. Lieberman
Brian Margolies
Traub Lieberman Straus & Shrewsberry LLP
7 Skyline Drive
Hawthorne, NY 10532
(T) (914) 347-2600
(F) (914) 347-8898

*Attorneys for Illinois Union Insurance Company*